872 F.2d 1026
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ellsworth H. LAWSON, Jr., Plaintiff-Appellant,
v.
George F. DENTON, Defendant,
P.V. Tanedo, M.D., Ted Engle, Charles A. Clifton, Imogene
Ferguson, Defendants-Appellees.
 No. 88-3709.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1989.
 
 1
 Before NATHANIEL JONES and RYAN, Circuit Judges, and ODELL HORTON, Chief District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Ellsworth H. Lawson, Jr., an inmate at the Lima Correctional Institution, appeals the summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983 in which he alleged that the defendant prison personnel were deliberately indifferent to his serious medical needs. Lawson alleged that after he tested positive for exposure to tuberculosis, an x-ray revealed a lesion on his lung in June 1977, while he was incarcerated at the Chillicothe Correctional Institute. A radiologist recommended further study of the lesion but no action was taken until another x-ray again revealed the lesion in September 1978. Again, no further action was taken until Lawson was hospitalized for unrelated prostate surgery in November 1979, when another x-ray again revealed the lesion.
 
 
 4
 Following successful prostate surgery, a lobectomy was performed on Lawson's right lung on November 19, 1979, which removed what proved to be a cancerous lesion. Lawson was returned to the Chillicothe Correctional Institution on December 3, 1979.
 
 
 5
 Upon his return, Lawson alleged that he experienced difficulty obtaining compliance with postoperative recommendations given by his surgeon, Dr. Rooney. Further, Lawson alleged that the defendant prison nurse Ferguson permitted inmates with active tuberculosis to enter the prison population at the Southern Ohio Correctional Facility after Lawson was transferred there in September 1980. However, Lawson did not allege that he was infected with tuberculosis.
 
 
 6
 Upon consideration, we conclude that summary judgment for defendants was properly granted. Plaintiff must establish "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" in order to sustain a cause of action under 42 U.S.C. Sec. 1983. Estelle v. Gamble, 429 U.S. 97 106 (1976). Plaintiff has alleged treatment which, although perhaps far from ideal, does not arise to a constitutional deprivation.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Odell Horton, Chief U.S. District Judge for the Western District of Tennessee, sitting by designation